IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **LARRY LYNN ROBINSON, #01955575,** § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL NO. 3:16-CV-0341-N-BK |
| § | |
| **WILLIAM STEPHENS, Director,** § | |
| **Texas Department of Criminal Justice,** § | |
| **Correctional Institutions Div.,** § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* habeas corpus action filed under 28 U.S.C. § 2254 was automatically referred to the United States Magistrate Judge. For the reasons that follow, the petition should be summarily dismissed without prejudice.

**I. BACKGROUND**

On February 8, 2016, Petitioner filed this challenge to his 1987 conviction for possession of a controlled substance, for which he was sentenced to ten years' imprisonment. *State v. Robinson*, No. F86-86726 (Criminal District Court No. 2, Dallas County, Texas 1987); Doc. 3 at 2. Although he did not directly appeal, he was unsuccessful in subsequent attempts to challenge his conviction in both state and federal court. *Robinson v. Johnson*, No. 3:01-CV-0994-G, Civ. Doc. 6 (N.D. Tex., Dallas Div., 2001) (summarizing lengthy procedural and filing history, and dismissing federal petition as successive), *recommendation accepted,* Civ. Doc. 13.

**II. ANALYSIS**

Petitioner asserts his conviction in Dallas County Case No. F86-86726 is "illegal" because there is no record of "any arrest, charge, or conviction, nor probation." Doc. 3 at 6. Without regard to the merits of his claim, however, Petitioner has already discharged the ten-year

sentence imposed in that case. According to Texas Department of Criminal Justice (TDCJ) online records, he is presently serving a 15-year term of imprisonment for burglary of a building in Dallas County Case No. F88-90743, and a three-year sentence of imprisonment for theft in Dallas County Case No. F14-51103. *See* TDCJ Offender Details available at https://offender.tdcj.texas.gov/OffenderSearch/offenderDetail.action?sid=02834472 (last accessed on February 24, 2016). And because Petitioner is not currently in custody pursuant to the judgment of the state court in the case he seeks to challenge, this Court lacks jurisdiction to consider a habeas petition challenging that conviction. *See* 28 U.S.C. § 2254(a) (a federal court has jurisdiction to consider a writ of habeas corpus "in behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States.") (emphasis added); *see also Maleng v. Cook,* 490 U.S. 488, 490 (1989).

      That notwithstanding, Petitioner also asserts that Dallas County Case No. F86-86726 was improperly used to enhance his sentences in Dallas County Case Nos. F88-90743 and F14-51103, for which he is currently confined in TDCJ. Doc. 3 at 6-7. The Court liberally construes this statement to assert that he satisfies the "in custody" requirement for federal habeas jurisdiction. However, the petition is nonetheless subject to dismissal.

      In *Maleng*, 490 U.S. at 493-494, and *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401-402 (2001), the Supreme Court acknowledged that because a section 2254 petition could be construed as asserting a challenge on a current sentence enhanced by an allegedly invalid prior conviction, a petitioner could satisfy the "in custody" requirement for federal habeas jurisdiction despite the full expiration of his prior sentence. *See also Dilworth v. Johnson*, 215 F.3d 497, 500 (5th Cir. 2000) (*citing Herbst v. Scott*, 42 F.3d 902, 905 (5th Cir.

1995) (noting that a *pro se* petitioner's attack on his expired Texas sentence can be construed as an attack on the Texas conviction for which he is currently incarcerated in order to find subject matter jurisdiction). However, Petitioner previously filed a section 2254 petition challenging Case No. F88-90743 and the related parole revocation, and he has yet to obtain leave to file a successive application in the United States Court of Appeals for the Fifth Circuit raising the claim at issue in this case. *See Robinson v. Johnson*, No. 3:01-CV-0882-D, 2001 WL 1135397 (N.D. Tex., Dallas Div., 2001) (accepting magistrate judge's recommendation summarizing filing history and dismissing as successive). Therefore, this Court lacks jurisdiction to consider the petition construed as challenging Case No. F88-90743. *See* 28 U.S.C. § 2244(b) (3)(A) (before a petitioner may file a successive application in the district court, a three-judge panel of the United States Court of Appeals must determine whether the applicant makes the requisite *prima facie* showing); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003) (section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas petition unless the United States Court of Appeals for the Fifth Circuit has granted the petitioner permission to file such a petition).

In addition, Petitioner has not exhausted his state court remedies with respect to Case No. F14-51103. On January 27, 2016, the state court of appeals affirmed his conviction, *Robinson v. State*, No. 05-14-01064-CR, 2016 WL 326595 (Tex. App.—Dallas, 2016) and, according to county records available online, he has yet to file a state habeas application raising the claims at issue in this case.[1] A state prisoner must exhaust all available state court remedies before a

---

[1] Petitioner filed two prior state habeas applications; the first was dismissed by the Texas Court of Criminal Appeals on February 11, 2015, because of the pending direct appeal. *See Ex parte Robinson*, No. WR-30402-14, *Notice* (Tex. Crim. App. Feb. 11, 2015), available at www.search.txcourts.gov/Case.aspx?cn=WR-30,402-14&coa=coscca&p=1. The second

federal court will consider the merits of his habeas claims.  *See* 28 U.S.C. § 2254(b) and (c); *Rhines v. Weber*, 544 U.S. 269, 274 (2005).  Thus, Petitioner's claim, as construed to challenge the use of his conviction in Case No. F86-86726 to enhance his punishment in Case No. F14-51103, is subject to dismissal for failure to exhaust state court remedies.

Lastly, Petitioner claims that Case No. F86-86726 impacted his 2012 plea bargain in Case No. F11-62556.  Doc. 3 at 7.  However, the 105-day sentence of imprisonment for forgery of a check imposed in that case has long expired.  *State v. Robinson* , No. F11-62556, *Judgment* (291st Judicial District Court, Dallas County, Jan. 6, 2012), available at http://courtecom.dallascounty.org/pav/.  Consequently, the Court lacks jurisdiction to consider the petition construed as challenging Case No. F11-62556 on the basis of his conviction in Case No. F86-86726.

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction and for failure to exhaust state court remedies, as stated herein.

SIGNED February 29, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

application was denied without written order, although the State again argued that it should be dismissed due to the pending appeal. *See Ex parte Robinson*, No. WR-30,4012-15, *Notice* (Tex. Crim. App. Aug. 19, 2015), available at  www.search.txcourts.gov/Case.aspx?cn=WR-30,402-15&coa=coscca&p=1.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE